IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALLAN AUSTRIA, | ) | CIV. NO. 05-00735 ACK/KSC |
| | ) | CR. NO.  97-00975 ACK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DENYING PETITIONER'S SECOND SECTION 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

### BACKGROUND

Allan Austria ("Petitioner") moves this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  In an Indictment returned by a federal grand jury on August 20, 1997, Petitioner was charged with the following counts:

(1) conspiring to knowingly and intentionally possess with intent to distribute in excess of 100 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and

(2) knowingly and intentionally possessing with intent to distribute in excess of 100 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841

and 18 U.S.C. § 2.[1]

The Government filed a special information regarding Petitioner's prior drug conviction on August 22, 1997. On October 22, 1997, Petitioner entered into a Plea Agreement with the Government in which he agreed to plead guilty to Count One of the Indictment. See Memorandum of Plea Agreement ("Plea Agreement"), attached to Government's Response as Exhibit B. After conducting a Rule 11 hearing, this Court accepted Petitioner's guilty plea on October 22, 1997, and entered a judgment of guilty.

On May 11, 2001, Petitioner filed a Motion to Vacate Guilty Plea and Set Aside Plea Agreement, arguing that the Court should allow him to withdraw his guilty plea because his counsel allegedly misrepresented Petitioner's possible sentence and because there had been a change in Petitioner's prior criminal record. This Court issued an Order Denying Defendant's Motion to Vacate Guilty Plea and Set Aside Plea Agreement on June 19, 2001.

On June 19, 2001, this Court sentenced Petitioner to 150 months of imprisonment followed by five years of supervised release. In sentencing Petitioner, the Court granted the Government's motion for downward departure based on Petitioner

---

[1] The Indictment was returned against five Defendants, including Petitioner. Count 3 of the Indictment alleged a drug offense that did not involve Petitioner. See Indictment at 4-5, attached to Government's Response as Exhibit A.

2

having provided substantial assistance in the prosecution of another person.

Petitioner appealed his conviction and sentence to the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit"). Petitioner's attorney moved to withdraw as counsel of record on the ground that she failed to discover any arguable issues on appeal.  See United States v. Austria, No. 01-10428, 71 Fed. Appx. 672 (9th Cir. July 21, 2003).  On July 21, 2003, the Ninth Circuit issued a memorandum decision granting counsel's motion to withdraw and affirming Petitioner's conviction and sentence, finding no arguable issues on appeal.  Id. (hereinafter "Ninth Circuit Decision").

On March 14, 2005, Petitioner filed a Motion Pursuant to Rule 60(b)(6), of the Federal Rules of Civil Procedure ("Rule 60(b)/Section 2255 Motion").  The Court treated Petitioner's motion as one to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and denied the motion on June 24, 2005.  See Order Denying Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct the Sentence, Civ. No. 05-00176 ACK-LEK (June 24, 2005) ("Rule 60(b)/Section 2255 Order").  The Court subsequently noted, however, that Petitioner would not be barred from filing another Section 2255 motion by the restriction against "second or successive" motions contained in Section 2255, since the Court did not notify Petitioner of its intent to

characterize his March 14, 2005 motion as one made pursuant to Section 2255.  See Modified Certificate of Appealability, Civ. No. 05-00176 ACK-LEK, at 2 n.1 (Oct. 25, 2005).  On July 11, 2005, Petitioner filed an appeal of this Court's Rule 60(b)/Section 2255 Order.

On November 25, 2005, while his appeal was pending, Petitioner filed the instant Motion To Vacate, Set-Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody ("Second Section 2255 Motion").  At the request of the Government, this Court stayed the briefing schedule for this Second Section 2255 Motion pending the Ninth Circuit's decision on Petitioner's appeal of the Rule 60(b)/Section 2255 Order, since many of the issues overlap.  See Order Granting Government's Motion for Stay of Filing Schedule (Dec. 22, 2005); Order Granting Government's Amended Motion for Stay of Filing Schedule (May 18, 2006); Order Granting Government's Second Amended Motion for Stay of Filing Schedule (Sept. 29, 2006).

On January 12, 2007, the Ninth Circuit dismissed Petitioner's appeal for failure to prosecute.  See Order, No. 05-16574 (9th Cir. Jan. 9, 2007).

On February 8, 2007, the Government filed in this Court an opposition to the Second Section 2255 Motion.  See Government's Motion To Dismiss Defendant's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a

Person in Federal Custody (Feb. 8, 2007) ("Government's Opposition").[2/]

On March 28, 2007, this Court issued an Order Directing Government to Respond Regarding Equitable Tolling, directing the Government to file a supplement addressing Defendant's arguments regarding equitable tolling and inviting the Government to develop the facts on that issue.  See Order Directing Government to Respond Regarding Equitable Tolling at 3 (Mar. 28, 2007).  The Court invited Petitioner to file an optional reply to the Government's supplemental opposition, further developing any facts or arguments on the equitable tolling issue.  See id. at 3-4.

On April 27, 2007, the Government filed a supplemental opposition.  See Government's Supplemental Motion To Dismiss Defendant's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody ("Government's Supplemental Opposition" or "Gov. Supp. Opp."). On June 13, 2007, Petitioner filed a reply to the Government's Supplemental Opposition.[3/]

---

[2/]Although styled as a motion to dismiss, this Court will treat the Government's filing as an opposition to Petitioner's motion.

[3/]The Court will consider Petitioner's reply (entitled Petitioners Late Filing of His Optional Reply Regarding the Governments Response & Equitable Tolling, Good Cause Raised) even though it was filed approximately one month after the due date; however, to the extent Petitioner raises any new issues unrelated

**STANDARD**

Pursuant to Section 2255, a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: the judgment was rendered without jurisdiction; the sentence imposed was not authorized by law or otherwise open to collateral attack; or there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255.

A court shall hold an evidentiary hearing on a motion under Section 2255 "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  "A court may entertain and determine such [a] motion without requiring the production of the prisoner at the hearing."  Id.  In short,

> The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.  A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for

---

to equitable tolling in his reply, the Court will not consider those issues. See Order Directing Government to Respond Regarding Equitable Tolling at 4 (emphasizing that the supplemental opposition and reply are limited to the issue of equitable tolling). Furthermore, the Court denies Petitioner's request to strike the Government's Supplemental Opposition because Petitioner has provided no ground to justify such an action.

6

> relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.

United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989); see also United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

The Ninth Circuit recognizes that even when credibility is at issue, no evidentiary hearing is required if it can be "'conclusively decided on the basis of documentary testimony and evidence in the record.'" Shah, 878 F.2d at 1159 (quoting United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1989)). In addition, judges may use discovery, documentary evidence, and their own notes and recollections of the plea hearing and sentencing process to supplement the record. Shah, 878 F.2d at 1159. "Judges may also use common sense." Id. The choice of method for handling a Section 2255 motion is left to the discretion of the district court. See id. (citing Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988)).

As discussed below, the Court finds that Petitioner's arguments lack merit. Because the record conclusively shows that Petitioner is not entitled to relief, a hearing is not warranted in this case.

**DISCUSSION**

Petitioner's Second Section 2255 Motion raises numerous arguments that are identical to the arguments raised in his Rule 60(b)/Section 2255 Motion.  For the reasons discussed in this Court's Rule 60(b)/Section 2255 Order,[4/] which is adopted here, those arguments are without merit.

Moreover, as discussed in the Rule 60(b)/Section 2255 Order, through the Plea Agreement, Petitioner waived his right to challenge his sentence on any ground other than ineffective assistance of counsel.  See Rule 60(b)/Section 2255 Order at 8-9. For this reason also, the Court denies Petitioner's challenge to his sentence on all grounds other than ineffective assistance of counsel.

Petitioner raises two new issues in the instant Second Section 2255 Motion.  First, that the motion is timely because equitable tolling applies.  See Second Section 2255 Motion at 15-

---

[4/]For example: Petitioner's argument at page 4 of the instant motion that the Indictment was flawed because it did not include a penalty provision was addressed at page 13 of the Rule 60(b)/Section 2255 Order; Petitioner's argument at pages 5-12 of the instant motion that additional factors, such as a prior conviction and a leadership role, should have been charged in the Indictment and determined by a jury were addressed at pages 13-15 of the Rule 60(b)/Section 2255 Order; Petitioner's argument at pages 13-14 of the instant motion that his plea was not knowing and voluntary was addressed at pages 8-9 of the Rule 60(b)/Section 2255 Order and, as referenced therein, in a prior Order Denying Defendant's Motion to Vacate Guilty Plea and Set Aside Plea Agreement; and Petitioner's argument at pages 14-15 of the instant motion that his counsel was ineffective was addressed at pages 15-17 of the Rule 60(b)/Section 2255 Order.

18.  Second, that Petitioner's crime is classified as a Class C felony, with a maximum term of 3 years supervised release, and that the five year term of supervised release imposed on Petitioner violates the authorized statutory maximum sentence for a Class C felony.  See id. at 5.  The Court will address these new arguments in turn.

**I.   The Petition Is Untimely**

A motion to vacate a sentence under 28 U.S.C. § 2255 has a one year statute of limitations.  See 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section.").  This Court previously found that, if equitable tolling does not apply, the statute of limitations began to run on approximately October 20, 2003 - the date Petitioner's right to petition for a writ of certiorari lapsed.  See Rule 60(b)/Section 2255 Order at 7 and n.2.  Without equitable tolling, the statute of limitations for Petitioner's Section 2255 motion would have expired on approximately October 20, 2004 - long before he filed his Rule 60(b)/Section 2255 Motion and long before he filed the instant Second Section 2255 Motion.  Id.

Petitioner now argues, for the first time, that the statute of limitations should be equitably tolled in this case because his previous counsel failed to notify him of the Ninth

9

Circuit Decision issued July 21, 2003 affirming his sentence.[5] See Second Section 2255 Motion at 16-18. Petitioner argues in his motion that he did not know of the Ninth Circuit Decision until June 24, 2005 - when this Court issued its Rule 60(b)/Section 2255 Order. Id. at 16. Petitioner argues, therefore, that the statute of limitations period should be tolled from October 20, 2003 until June 24, 2005. Id. at 16. Under Petitioner's theory, the one year statute of limitations period would not have expired before the instant Second Section 2255 Motion was filed on November 25, 2005, approximately five months after the Petitioner alleges that he became aware of the Ninth Circuit Decision.

First, the Court notes that it is disingenuous for Petitioner to argue that he did not become aware of the Ninth Circuit Decision until June 24, 2005 - when this Court issued its Rule 60(b)/Section 2255 Order.[6] Assuming (as Petitioner alleges

---

[5] The Ninth Circuit Decision affirmed Petitioner's conviction and sentence and granted counsel's motion to withdraw as counsel of record. See United States v. Austria, No. 01-10428, 71 Fed. Appx. 672 (9th Cir. July 21, 2003).

[6] In the motion, Petitioner states that "counsel of record failed to notify the Petitioner of the [Ninth Circuit] decision" and "Petitioner was not aware that the Ninth Circuit had affirmed the conviction and sentence until this Court issued its opinion on June 24, 2005." Second Section 2255 Motion at 16. In his reply, however, Petitioner contradicts these allegations that his counsel did not notify him and that he found out about the Ninth Circuit Decision when this Court issued its opinion - because Petitioner indicates in his reply that his prior counsel did in fact notify him of the Ninth Circuit Decision, but that the

10

in his motion) that Petitioner was not notified of the Ninth Circuit Decision by his prior counsel or the Ninth Circuit, the latest Petitioner could have possibly become aware of the Ninth Circuit Decision was shortly after April 7, 2005, when Petitioner was served with the Government's response to the Petitioner's Rule 60(b)/Section 2255 Motion.  The Government's response discussed the Ninth Circuit Decision and even attached a copy of that decision at Exhibit C.  See Government's Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 Pursuant to Rule 60(B)(6) Federal Rules of Civil Procedure (Apr. 7, 2005).  The response was filed on April 7, 2005 and served on Petitioner via United States mail.  See id. at Certificate of Service.  Petitioner confirmed his receipt of the response in his Motion in Traverse to Government's Response to Petitioner's Motion Pursuant to Rule 60(B)(6), filed May 31, 2005.[7]

Nonetheless, even assuming that all of Petitioner's other factual allegations surrounding equitable tolling are true,

---

notice was sometime in 2005.  See Petitioners Late Filing of His Optional Reply Regarding the Governments Response & Equitable Tolling, Good Cause Raised at 2 (June 13, 2007) ("counsel did not notify him of the [Ninth Circuit Decision] until sometime in 2005").

[7]Petitioner's Motion in Traverse to Government's Response to Petitioner's Motion Pursuant to Rule 60(B)(6) explicitly referenced the Government's response but did not discuss the Ninth Circuit Decision.

and Petitioner did not become aware of the Ninth Circuit Decision until around April 7, 2005, the Court concludes that Petitioner has not demonstrated that the statute of limitations should be equitably tolled.[8]

The burden is on the prisoner to demonstrate "that this extraordinary exclusion should apply to him." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). The threshold necessary to trigger equitable tolling is "very high" and equitable tolling "is justified in few cases." See id. Petitioner is entitled to equitable tolling of the limitations period only if he

---

[8] The Court invited the parties to develop the facts on the issue of equitable tolling through supplemental briefing. See Order Directing Government to Respond Regarding Equitable Tolling at 3-4 (Mar. 28, 2007). Neither party submitted affidavits. The Ninth Circuit docket sheet lists Petitioner's prior counsel - and not Petitioner himself in a pro se capacity - as counsel of record for purposes of service. See Government's Supplemental Response at Exhibit G. The Ninth Circuit docket sheet does not explicitly indicate that Petitioner was served with a copy of the Ninth Circuit Decision (although it does explicitly indicate that he was served with a prior order on March 6, 2003). Id. The Government conceded that Petitioner's prior counsel did not notify Petitioner of the Ninth Circuit Decision. See Government's Supplemental Response at 2. Petitioner submitted copies of documents, dated November 2003 and July 2004, that he allegedly mailed to the Ninth Circuit (although they do not appear in the Ninth Circuit docket sheet), which if genuine, would indicate that at that time Petitioner was not aware that the Ninth Circuit had issued its decision on his appeal. See Second Section 2255 Motion at Attachment B. Considering all of this evidence, the Court finds that Petitioner may not have been aware of the Ninth Circuit Decision until approximately April 2005; however, the Court need not decide because even assuming that Petitioner was not aware of the Ninth Circuit Decision until that time, he is not entitled to equitable tolling of the statute of limitations for the reasons described in the text of this order.

demonstrates that "extraordinary circumstances beyond [his] control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (quoting Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)).

Petitioner alleges that the extraordinary circumstances in this case were the failure of his prior attorney and/or the Ninth Circuit to notify him of the Ninth Circuit Decision.[9] The Court need not determine whether such circumstances were "extraordinary circumstances beyond his control" since, as discussed below, Petitioner has not demonstrated that those circumstances made it impossible to file a petition on time. To prove that the extraordinary circumstances "made it impossible" for Petitioner to file the petition on time, the Petitioner must show that the extraordinary circumstances were the cause of his untimeliness: Petitioner is entitled to equitable tolling only if he exercised reasonable diligence in attempting to file the petition on time; if he did not exercise reasonable diligence, the link of causation between the extraordinary circumstances and

---

[9] To the extent Petitioner may also argue that the Ninth Circuit's failure to respond to his alleged letters constituted "extraordinary circumstances," the Court finds that, assuming the allegations are true, the failure of his correspondence to reach the Ninth Circuit and/or the court's failure to respond to that correspondence (the first of which requested verification of receipt of a brief and the second of which requested a docket sheet) do not rise to the level of "extraordinary" circumstances.

the untimeliness is broken.  See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (equitable tolling not available to petitioner where he did not pursue his rights diligently); Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006) ("The purpose of requiring habeas petitioners to demonstrate diligence in order to be entitled to an evidentiary hearing regarding equitable tolling is to ensure that the extraordinary circumstances faced by petitioners . . . – and not their lack of diligence – were the cause of the tardiness of their federal habeas petitions."). This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles."); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.") (emphasis added).

Petitioner has not demonstrated that he acted with reasonable diligence in filing his petition.  After filing his supplemental pro se brief with the Ninth Circuit on March 17, 2003, Petitioner waited eight months (until November 3, 2003) to allegedly mail a letter to the Ninth Circuit asking for

verification that the brief was received and filed.[10/]  Petitioner provides no explanation why he allowed eight months to lapse before requesting verification that the brief was received, even though Petitioner had corresponded directly with the Ninth Circuit numerous time in the preceding three months.

Subsequently, after allowing an additional eight months to pass, on July 15, 2004, Petitioner allegedly mailed a second letter to the Ninth Circuit, requesting a docket sheet.[11/]  Again, Petitioner provides no explanation why he allowed such a long time period to pass before undertaking any effort to pursue his claims.

After these sixteen months had passed, Petitioner then waited another eight months before filing his Rule 60(b)/Section 2255 Motion on March 14, 2005.  In total, Petitioner waited two years between filing his supplemental brief with the Ninth Circuit and filing a motion with this Court for relief.  This Court finds that Petitioner did not act with reasonable diligence

---

[10/] Petitioner attached to his Second Section 2255 Motion a copy of this alleged November 3, 2003 letter.  That letter, however, is not reflected in the Ninth Circuit docket sheet as ever having been received.

[11/] Petitioner attached to his Second Section 2255 Motion a copy of this alleged July 15, 2004 letter.  Like the November 3, 2003 letter, however, the July 15, 2004 letter is not reflected in the Ninth Circuit docket sheet as ever having been received.

in pursuing his petition.[12/]

Finally, the Court need not address Petitioner's argument that the instant Second Section 2255 Motion should be deemed filed on March 14, 2005, the date the Rule 60(b)/Section 2255 Motion was filed, because for the reasons already discussed, the instant motion would have been untimely even if filed on March 14, 2005.

In summary, even taking Petitioner's factual allegations as true, the Court concludes that Petitioner did not act with reasonable diligence in seeking relief under Section 2255. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations. The instant motion is time barred because the statute of limitations expired on October 20, 2004, well before the instant motion was filed.

## II. Class C Felony Argument

Even if the instant motion were timely and Petitioner had not waived his right to challenge his sentence, his argument regarding Class C felony classification is without merit. Petitioner mistakenly argues that his crime is classified as a Class C felony pursuant to 18 U.S.C. § 3559(a), so that the statutory maximum term of supervised release is 3 years, pursuant

---

[12/]Moreover, Petitioner does not explain why he waited until filing his Second Section 2255 Motion, on November 25, 2005, to raise the issue of equitable tolling and/or present these supporting facts.

16

to 18 U.S.C. § 3583(b)(2).  <u>See</u> Second Section 2255 Motion at 5.

Petitioner pled guilty to and was convicted of conspiring to knowingly and intentionally possess with intent to distribute in excess of 100 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  <u>See</u> Indictment at 2; Plea Agreement at 2.  The applicable statutory penalty for this crime imposes imprisonment of not less than 10 years or more than <u>life</u> and a minimum term of supervised release of <u>5 years</u>.  <u>See</u> 21 U.S.C. § 841(b)(1)(A).

Since the maximum term of imprisonment authorized is life imprisonment, 18 U.S.C. § 3559 classifies the crime as a Class A felony.  18 U.S.C. § 3559(a)(1).  Section 3583 of Title 18 authorizes a term of supervised release of five years for a Class A felony, such as the one for which Petitioner was convicted.  18 U.S.C. § 3583(b)(1).

Accordingly, Petitioner was convicted of a Class A felony and the 5 year term of supervised release does not violate 21 U.S.C. § 841(b)(1)(A) or 18 U.S.C. § 3583.

## **CONCLUSION**

Petitioner is not entitled to equitable tolling of the statute of limitations and therefore the instant Motion To Vacate, Set-Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody is time barred.  Even if the motion were not time barred, all claims other than the claim for

ineffective assistance of counsel are barred because Petitioner previously waived the right to make those claims.  Even if Petitioner's claims were not barred by the statute of limitations or waiver, all of Petitioner's claims fail because they lack merit.  Accordingly, the Court denies Petitioner's Motion To Vacate, Set-Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody.

   IT IS SO ORDERED.

   DATED:  Honolulu, Hawaii, June 28, 2007.



_____
Alan C. Kay
Sr. United States District Judge

Austria v. USA, Civ. No. 05-00735ACK-KSC, Cr. No. 97-00975ACK, Order Denying Petitioner's Second Section 2255 Motion to Vacate, Set Aside, or Correct Sentence.